UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ERNEST BILLIZONE, SR.                                 CIVIL ACTION

VERSUS                                                         NUMBER: 17-01000

STATE OF LOUISIANA                               SECTION: "S"(5)

**REPORT AND RECOMMENDATION**

The above-captioned petition for writ of mandamus previously came before the Court pursuant to Local Rule 72.1(B)(1) for a determination of pauper status under 28 U.S.C. §1915. The pertinent portions of the latter statute direct that a court shall dismiss a case at any time if it is determined that the action is frivolous or malicious or fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

Ernest Billizone, Sr., Petitioner herein, is a state prisoner who is presently incarcerated at the Winn Correctional Center, Winnfield, Louisiana. (Rec. doc. 1). By way of his present petition for mandamus, Billizone seeks an order of this Court directing the Louisiana Supreme Court to act upon a petition for writ of *habeas corpus* that he reportedly filed with that tribunal on December 28, 2016. (*Id.*).

The sole relief requested by Petitioner in the instant matter is the nature of mandamus. On that score, the law is clear that federal courts possess no general mandamus powers to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought. See *Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997); *Russell v. Knight*, 488 F.2d 96 (5th Cir. 1973); *Moye v. Clerk*, DeKalb County Superior Court, 474 2d 1275 (5th Cir. 1973); *Lamar v. 118th Judicial District Court of Texas*, 440 F.2d 383 (5th Cir. 1971); *Haggard v. State of Tennessee*, 421 F.2d 1384 (6th Cir. 1970). In light of

these clear authorities, it will therefore be recommended that Billizone's petition for writ of mandamus be dismissed as frivolous and for failing to state a claim upon which relief can be granted.[1]

**RECOMMENDATION**

For the foregoing reasons, it is recommended that Billizone's petition for writ of mandamus be dismissed as frivolous and for failing to state a claim upon which relief can be granted under 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).[2]

New Orleans, Louisiana, this  1st   day of _____March_____, 2017.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court parenthetically notes that a separate habeas proceeding that Billizone filed with respect to his drug conviction was recently dismissed without prejudice for failure to exhaust available state court remedies. *Billizone v. State of Louisiana*, No. 16-CV-12659, 2016 WL 7984351 (E.D. La. Dec. 19, 2016), *adopted*, 2017 WL 367639 (E.D. La. Jan. 25. 2017).

[2] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.