# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ERNEST BILLIZONE, SR.** | **CIVIL ACTION** |
| **VERSUS** | **NO.17-1000** |
| **STATE OF LOUISIANA** | **SECTION "S" (** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Ernest Billizone, Sr.'s Motion for Reconsideration (Doc. #9) is **DENIED**.

Billizone filed a Petition for a Writ of Mandamus seeking to have this court direct the Supreme Court of Louisiana to act on his petition for a writ of *habeas corpus*. On March 31, 2017, this court adopted the United States Magistrate Judge's Report and Recommendation finding that this court has no general mandamus power to direct state courts in the performance of their duties when mandamus is the only relief sought. See Doc. #7 (citing Santee v. Quinlan, 115 F.3d 355, 357 (5th Cir. 1997); Russell v. Knight, 488 F.2d 96 (5th Cir. 1973); Moye v. Clerk, DeKalb Cnty. Superior Court, 474 F.2d 1275 (5th Cir. 1973); Lamar v. 118th Judicial District Court of Tex., 440 F.2d 383 (5th Cir. 1971); Haggard v. State of Tenn., 421 F.2d 1384 (6th Cir. 1970)). On April 5, 2017,[1] Billizone filed a motion to reconsider arguing that he should be permitted to amend his petition because he has a meritorious claim that he is being deprived of constitutional rights by the Supreme Court of Louisiana's failure to act on his *habeas corpus* petition.

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration. Bass v. U.S. Dep't of Agric., 211 F.3d 959, 962 (5th Cir. 2000). The United States Court of Appeals

---

[1] "Under the mailbox rule, *pro se* prisoner filings are deemed filed as soon as they are deposited into the prison mail system." United States v. Nyamaharo, 514 Fed. Appx. 479 (5th Cir. 2013). Billizone signed his motion to reconsider on April 5, 2017. Thus, it is deemed filed on that date.

1

for the Fifth Circuit has held nonetheless that if such a motion is filed within twenty-eight days after entry of the judgment from which relief is being sought, the motion will be treated as motion to alter or amend under Rule 59(e). Hamilton Plaintiffs v. Williams Plaintiffs, 147 F.3d 367, 371 n. 10 (5th Cir. 1998); see also FED. R. CIV. P. 59(e). Because plaintiff filed the instant motion on April 5, 2017, the motion will be subject to the standards for Rule 59(e).

A Rule 59(e) motion calls into question the correctness of a judgment. In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002). Rule 59(e) serves "'the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" Atchafalaya Basinkeeper v. Bostick, - - - Fed. Appx. - - -, 2016 WL 4709860, at *3 (5th Cir. Sept. 8, 2016) (quoting Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989)). Amending a judgment is appropriate under Rule 59(e): "'(1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact.'" Berezowsky v. Ojeda, - - - Fed. Appx. - - -, 2016 WL 3254054, at *2 (5th Cir. June 13, 2016) (quoting Demahy v. Schwarz Pharma, Inc., 702 F.3d 177, 182 (5th Cir. 2012)). Because Rule 59(e) has a "narrow purpose," the United States Court of Appeals for the Fifth Circuit has "observed that '[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.'" Id. (quoting Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004)). Thus, "a motion for reconsideration 'is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.'" Id. (quoting Templet, 367 F.3d at 479).

Billizone has not presented any arguments that justify reconsideration under Rule 59(e). Therefore, his motion to reconsider is DENIED.

New Orleans, Louisiana, this  26th  day of April, 2017.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**